# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TYRELL MARTIN HILL #420-407
          Plaintiff              :

          v.              :    CIVIL ACTION NO. PWG-13-3084

SGT. KWASI RAMSEY[1]        :
SERGEANT KIMBERLY LEWIS
CORRECTIONAL OFFICER II KENION  :
LIEUTENANT KAREN WESTMORELAND
GARY MAYNARD, Secretary of the   :
   Department of Public Safety and
   Correctional Services          :
RODERICK SOWERS, Director of
   Corrections              :
          Defendants

## MEMORANDUM

This 42 U.S.C. § 1983 civil rights action seeks money damages[2] and injunctive relief[3] against four correctional officers and two Maryland prison officials.   Plaintiff Tyrell Hill ("Hill"), a Maryland Division of Correction ("DOC") prisoner currently incarcerated at North Branch Correctional Institution ("NBCI"), claims that while still a pretrial detainee, he was

---

[1] The Clerk shall amend the docket to reflect the full and complete spelling of defendants' names.

[2] Hill also asks that criminal charges be placed against defendants Ramsey, Lewis, Kenion and Westmoreland. This type of relief cannot be granted, because Hill has no legally protected interest in the prosecution of others. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")'; *see also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D. C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012) aff'd, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), *cert denied*, 133 S. Ct. 1263 (2013); *Speight v. Meehan*, Civ. No. 08-3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008).

[3] At the time he filed his lawsuit, October 16, 2013, Hill likely was a pretrial detainee.  In his complaint Hill requested preliminary injunctive relief mandating his transfer from a DOC facility to a detention center facility. (ECF No. 1, p. 7).  Maryland's electronic docket demonstrates that he entered a guilty plea on drug charges in the Circuit Court for Baltimore City on November 14, 2013.  *See* http://casesearch.courts.state.md.us/.  As he is no longer a pretrial detainee, his request for injunctive relief has been rendered moot.

improperly housed at DOC prisons.[4]  He further alleges that while awaiting trial and housed at

the DOC's Maryland Reception, Diagnostic and Classification Center ("MRDCC") he was

assaulted by Defendants Ramsey, Kenion,[5] Lewis and Westmoreland on May 10, 2013, and

"punished" with transfer to NBCI, a maximum security prison.  (ECF No. 1, pp. 3–7).

Defendants Ramsey, Lewis, Westmoreland, Maynard, and Sowers, through counsel, have

filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 14)

which is opposed by Hill.  (ECF No. 18).  A hearing is not needed to resolve the motion.  *See*

Local Rule 105.6. (D. Md. 2014).  For the reasons that follow, that motion, construed as a motion

for summary judgment, is GRANTED.

### Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the

sufficiency of plaintiff's complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th

Cir. 1999). The Supreme Court has articulated the proper framework for analysis:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and
> plain statement of the claim showing that the pleader is entitled to
> relief," in order to "give the defendant fair notice of what the . . .
> claim is and the grounds upon which it rests," *Conley v. Gibson*,
> 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule
> 12(b)(6) motion to dismiss does not need detailed factual
> allegations, *id.*; *Sanjuan v. American Bd. of Psychiatry and
> Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's
> obligation to provide the "grounds" of his "entitle[ment] to relief"
> requires more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will not do, *see
> Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to

---

[4] The undersigned presumes Hill names Defendants Secretary Maynard and Director Sowers as the parties
responsible for allowing his detention at DOC prison facilities.

[5] Defendants' counsel has indicated that Defendant Kenion no longer works for the DOC and that counsel has been
unable to locate Kenion and he has not been served with summons and the complaint. ECF No. 14-1, at 1 n.1. For
reasons noted herein, Hill's action against Kenion would in any event be subject to dismissal. Accordingly, Kenion
will be dismissed from suit.

> dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327(1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipses in original) (footnotes omitted).

This standard does not require defendants to establish "beyond doubt" that Hill can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 563. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Defendants have styled their motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. Given the exhibits included with the motion, it is apparent that defendants intend to seek summary judgment. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery County*, 788

3

F. Supp. 2d 431, 436–37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).[6] In any event, in accordance with *Roseboro*, 528 F.2d at 310, Hill was informed of his right to file a response to the Motion, and the opportunity to submit affidavits, declarations, and other documentary evidence. As noted, he filed a response in opposition.

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5 C Charles Alan Wright et al., *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration

---

[6] In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); *see also Fisher v. Md. Dept. of Pub. Safety & Corr. Servs.*, Civ. No. JFM-10-0206, 2010 WL 2732334, at *3 (D. Md. July 8, 2010).

of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165–67.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). Generally, to assert the need for further discovery, the party opposing the motion must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244–45 (discussing affidavit requirement of former Rule 56(f)). Hill has not filed an affidavit under Rule 56(d). Accordingly, it is appropriate to address Defendants' motion as a motion for summary judgment.

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides, in part, that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must demonstrate that there are disputes of material fact so as to preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion: by its

5

very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Fourth Circuit has explained that the party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [his] pleadings, but rather must" set forth specific facts showing that there is a genuine issue for trial. *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)). However, the court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [his] favor without weighing the evidence or assessing the witnesses' credibility. *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). Because Hill is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court must, however, also abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial. *Bouchat*, 346 F.3d at 526; *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993); *Celotex Corp.*, 477 U.S. at 323-24). The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Background

Hill claims that on May 10, 2013, defendants Ramsey and Kenion entered his cell MRDCC and assaulted him because he was protesting conditions in his unit. While Ramsey tackled him and held him in a headlock, Kenion repeatedly punched him in the "face, head and body." (ECF No. 1, p. 4). While struggling to get free of Ramsey, Hill injured his shoulder, which previously had been dislocated. Both officers then continued to "take turns" hitting him in the face, head and body for "three to six minutes." (*Id.*). Hill claims that after he was taken to the medical unit, he was escorted to a holding cell by defendants Westmoreland, Ramsey, and Lewis. Lewis then grabbed his shackles and "threw him" into the holding cell, causing Hill to land on his "already injured shoulder." (ECF No. 1, p. 5). Defendants refute Hill's claims, indicating that they entered his cell because he claimed he would harm himself if not immediately taken to the medical department, and that Hill initiated the attack. Defendants rely on submissions, including the Use of Force Report, the medical record, and affidavits submitted by Ramsey, Westmoreland, Lewis and Walker. (ECF No. 14 and exhibits attached thereto).

Hill also complains that as a pretrial detainee, he should not have been held at MRDCC or NBCI, which are not pretrial detention facilities. Defendant Sowers has provided an affidavit explaining why pretrial detainees may be held at Division of Correction facilities pending trial. (ECF No. 14-7).

## Analysis

Defendants have raised an affirmative defense to plaintiff's claims, alleging that the complaint must be dismissed in its entirety due to Hill's failure to exhaust administrative remedies. The Prison Litigation Reform Act ("PLRA") contains a statutory provision that reads, in pertinent part:

(a) Applicability of administrative remedies

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.  Hill is subject to the strict requirements of the exhaustion provisions, and it is of no consequence that he is aggrieved by single occurrences, as opposed to alleging a general conditions of confinement claim.  *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).  Exhaustion is required even though the relief sought is not attainable through resort to the administrative remedy procedure, *see Booth v. Churner*, 532 U.S. 731, 741 (2001), and a claim which has not been exhausted may not be considered in federal court.  *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and a court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See id.* 478 F.3d at 1225; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008).  Thus, unexhausted claims must be dismissed, unless Hill can show that he, personally, has satisfied the administrative exhaustion

8

requirement under the PLRA or that defendants have forfeited the right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F. Supp. 2d at 530; *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Maryland provides a three-step grievance process:  request for administrative remedy to the Warden of the institution (commonly referred to as an ARP); an appeal of administrative dismissal to the Commissioner of Corrections; and submission of the grievance to the Inmate Grievance Office (IGO).[7] *See Chase*, 286 F. Supp. 2d at 529.  Hill attaches to the complaint the ARP he submitted regarding the alleged assault, which was dismissed for procedural reasons pending resubmission.  (ECF No. 1-1).  He has failed to allege—much less demonstrate—that he resubmitted his ARP as requested or appealed its dismissal, and he does not suggest that he ever filed an ARP with regard to his housing at MRDCC or NBCI.  Hill has failed to demonstrate administrative exhaustion, and his complaint may be dismissed on this basis alone.[8]

---

[7] An appeal to the IGO must be filed within thirty days following an unfavorable decision from the Commissioner. *See* Md. Code Ann., Corr. Serv. Art. §10-206 and COMAR, Title 12 § 07.01.03.

[8] For that reason, the court declines to examine defendants' other arguments, including their claim of qualified immunity.

Defendants' motion shall be granted.  A separate order follows.  ~

Date: <u>December 16, 2014</u>

_____

Paul W. Grimm
United States District Judge